UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXIE LEE SMILES,

    Petitioner,

v.

Case No. 1:08-cv-334
Hon. Gordon J. Quist

CINDI S. CURTIN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.     Background**

On July 28, 2006, petitioner pled guilty to two counts of armed robbery, contrary to M.C.L. § 750.529 and one count of felony firearm second, contrary to M.C.L. § 750.227b. *See* Plea Trans. (docket no. 12). Petitioner gave his plea pursuant to an agreement with two components: first, court entered into a "*Cobbs* agreement," indicating that the minimum sentence would not exceed 81 months; second, the prosecutor agreed to withdraw the notice to enhance petitioner's sentence and dismiss counts three, four and five in another criminal case. *Id.* at pp. 3-4. The "*Cobbs* agreement" refers to a procedure set forth in *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which "the Michigan Supreme Court authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247

Fed.Appx. 701, 703, fn. 1 (6th Cir. 2007).  The rule expressed in *Cobbs* was later codified in the Michigan Court Rules, which provide in pertinent part that:

> After acceptance but before sentence . . . (2) the defendant is entitled to withdraw the plea if . . . (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose.

MCR 6.310(B)(2)(b).

At petitioner's sentencing on August 14, 2006, the trial judge reviewed the sentencing information report (SIR) which set forth an adjusted the sentencing guideline range of 126 months to 210 months, a range substantially higher than the minimum sentence of 81 months discussed at the plea.  *See* SIR (docket no. 1-3 at p. 29).  After reviewing the SIR, the trial judge reduced Offense Variable ("OV") 12 from "10" to "0," which resulted in a sentencing guideline range of 108 months to 180 months.  *Id.*

Petitioner's counsel summarized the sentencing in pertinent part as follows:

> On August 14, 2006, defendant, represented by counsel, appeared before the Court for sentence, and was sentenced to serve a term of incarceration of nine (9) to fifteen (15) years on the robbery armed counts and a mandatory five (5) years on the felony firearm second offense, to precede and run consecutive to the sentence on the robbery armed counts. . . .
>
> At sentencing, another attorney stood in for original counsel on behalf of defendant.  The Court was going to sentence defendant to a minimum of eighty-one (81) months in accordance with the Court's representation at the time of the plea, but revised its sentence to one hundred eight (108) to one hundred eighty (180) months because the guidelines were increased at the time of sentencing. (ST, 8-14-06, p. 10-11).  The other counts and another case were then dismissed as part of the plea agreement. (ST, 8-14-06, p. 13).

Petitioner's Brief in support of application for leave to appeal at pp. 1-2, *People v. Smiles*, No. 273449 (Mich. App.) (docket no. 13).[1]

Petitioner, through counsel, raised the following issues in his delayed application for leave to appeal to the Michigan Court of Appeals:

    I.     Is [petitioner] entitled to specific performance of the terms of his plea and sentence agreement?

    II.    Must a corrected presentence report and sentencing information report be sent to the Department of Corrections which reflects the change the trial court ordered at sentencing?

*Id*. In an order entered October 19, 2006, the Michigan Court of Appeals denied the delayed application for lack of merit in the grounds presented. *People v. Smiles*, No. 273449 (Nov. 22, 2006). Petitioner, raised the same two grounds in his *pro se* application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Smiles*, No. 132908 (Mich. April 27, 2007) (docket no. 14).

Petitioner has now filed a petition for habeas corpus in this court, seeking relief on the same two grounds. *See* Petition at pp. 6-7 (docket no. 1).

    **II.**    **Standard of review under 28 U.S.C. § 2254**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state

---

[1] Respondent did not supply a copy of the sentencing transcript. For this reason, the court will rely on petitioner's representation of the proceedings at the sentencing.

courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement with respect to the habeas claims.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness

4

by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Discussion

#### A. Specific Performance of the plea agreement

Petitioner contends that the trial court violated the *Cobbs* agreement by sentencing him to a 108-month minimum sentence rather than an 81-month minimum sentence. Petitioner's claim that the trial judge violated his *Cobbs* agreement is not cognizable on federal habeas review. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002) (federal courts performing habeas review do not act as "super-appellate state courts" with respect to matters of state law).

As previously discussed, petitioner's rights and remedies related to his plea under the *Cobbs* agreement arise from a state court decision and court rule, not the Constitution, laws, or treaties of the United States. *See Cobbs*, 443 Mich. 276; MCR 6.310(B)(2)(b); *Purifoy v. Stovall*, No. 08-11249, 2011 WL 768053 at *4 (E.D. Mich. Feb. 1, 2011) ("[w]hile the Petitioner had a basis to withdraw her plea in the State courts - and might still have, under M.C.R. § 6.500 - the judge's failure to give her the opportunity to do so does not give this Court a basis to grant habeas relief . . . any remedy she might have under *Cobbs* is based on state law, not the federal constitution"); Mingo v. Michigan, No. ****, 2007 WL 3346464 at *8 (W. D. Mich. Nov. 7, 2007) (petitioner's

5

claim of error under MCR 6.310 does not state a ground for habeas relief; "[t]he state trial court's exercise of discretion under Rule 6.310 frames a pure issue of state law, unreviewable in habeas corpus"). Accordingly, petitioner's claim should be denied as an alleged state law error not cognizable on federal habeas review.

### B. Request for corrected pre-sentence report

Petitioner contends that the pre-sentence report ("PSR") and SIR sent to appellate counsel and the Michigan Department of Corrections "MDOC") do not reflect the trial court's order that OV 12 be stricken and that the sentencing guideline range be reduced from 126 to 210 months to 108 to 180 months. The remedy which petitioner sought from the Michigan Appellate Courts was to "request[] that a corrected presentence report and sentencing information report be sent to the [Michigan] Department of Corrections." Petitioner's Application for leave to appeal, *People v. Smiles*, No. 273449 at p. 6. The matter before this court is whether petitioner can seek federal habeas relief to correct an alleged error on either the PSR or SIR which was sent to the MDOC. Based upon the record in this case, there is no basis for this court to grant petitioner's requested relief in this federal habeas proceeding.

This court's filed includes both a copy of the PSR with the attached SIR. See PSR and SIR (docket no. 1-3). The PSR (prepared by the MDOC) includes a proposed sentencing guideline score of 126 to 210 months. *See* PSR (docket no. 1-3 at p. 28). A copy of the corrected SIR reviewed by the trial court on August 14, 2006, which reflects the reduced sentencing guideline range of 108 to 180 months used to sentence petitioner, is attached to the PSR and included in this court's file. *See* SIR (docket no. 1-3 at p. 29). In his delayed application for leave to appeal. petitioner's appellate counsel noted that he did not have a correct SIR. However, it does not appear

that petitioner was prejudiced. Appellate counsel knew that he possessed an outdated or incorrect PSR and SIR, and sought to have corrected copies of these documents sent to the MDOC.

To the extent that petitioner's request constitutes a claim for relief, he has raised a state law issue that is not cognizable on federal habeas review. Assuming that the MDOC received an incorrect copy of either the PSR or SIR, which could impact the MDOC's recordkeeping with respect to petitioner's minimum sentence, federal habeas corpus relief does not lie for an error in computing a prisoner's sentence under state law. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) ("[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (the actual computation of a prison term involves a matter of state law that is not cognizable under § 2254); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Petitioner's request that copies of a corrected PSR and SIR be sent to the MDOC should be denied as a state law claim not cognizable on federal habeas review.

**IV.** **Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: June 22, 2011    /s/ Hugh W. Brenneman, Jr.
          HUGH W. BRENNEMAN, JR.
          United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).