UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXIE LEE SMILES,

    Petitioner,                              Case No. 1:08-CV-334

v.                                                 HON. GORDON J. QUIST

CINDI S. CURTIN,

    Respondent.
_____/

**OPINION AND ORDER**

Petitioner, Maxie Lee Smiles, filed this habeas petition pursuant to 28 U.S.C. § 2254. On June 22, 2011, Magistrate Judge Hugh W. Brenneman, Jr. issued a report and recommendation, recommending that the petition be denied. Petitioner has timely filed objections. For the reasons set forth below, the Court concludes that the report and recommendation should be adopted.

Petitioner raised two grounds for relief in his habeas petition:

I.        Is [petitioner] entitled to specific performance of the terms of his [*Cobbs*] plea and sentencing agreement?

II.       Must a corrected presentence report and sentencing information report be sent to the Department of Corrections which reflects the change the trial court ordered at sentencing?

(Pet. at 6-7.) The magistrate concluded that both claims should be denied because they allege state law errors that are not cognizable on federal habeas review. (Report and Recommendation at 5-7.)

With his objections, Petitioner does not contest the magistrate's conclusions and, in fact, concedes that the claims are not cognizable on federal habeas review. (*See* Objections at 10.) Instead, Petitioner uses his objections to assert, for the first time, claims of ineffective assistance of counsel, (*id.* at 6-10), and, in light of the alleged ineffective assistance, asks the Court to "direct"

the State court to hear his claims within 180 days. (*Id.* at 11.) Petitioner's failure to raise ineffective assistance before the magistrate, however, constitutes waiver. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *see also Askew v. Eberlin*, No. 5:06 CV 2484, 2008 WL 440445, at *4 (N.D. Ohio Feb. 13, 2008) (finding that the § 2254 petitioner's failure to raise an ineffective assistance argument before the magistrate constituted waiver); *Fenner v. Berghuis*, No. 1:03-CV162, 2006 WL 374171, at *1 (W.D. Mich. Feb. 17, 2006) (same); *Crim v. Money*, No. 1:05CV1465, 2006 WL 2164673, at *7 (N.D. Ohio July 31, 2006) (same). And because petitioner does not otherwise contest that his claims are matters of state law unreviewable in habeas corpus, the Court finds that his objections should be overruled and that the report and recommendation should be adopted.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation, dated June 22, 2011 (docket no. 19), is **APPROVED AND ADOPTED** as the Opinion of the Court, and Petitioner's Motion for Objections and Reconsideration of Amended Report and Recommendation (docket no. 20) is **OVERRULED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will enter.


Dated: July 18, 2011               /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE